SAWAYA, J.
Jeryl Mitchell Vickery, the former wife, timely appeals the Supplemental Final Judgment on Equitable Distribution, Alimony, and Related Relief.[1]
Based on our thorough review of this record and the concessions made by the parties in these proceedings, we conclude that the trial court erred in failing to distribute the parties’ Ponte Vedra Inn and Club membership and by designating the former wife’s car as a marital asset. We also conclude that the trial court abused its discretion in awarding attorney’s fees to the former husband given that he has substantially more assets than the former wife and in light of the fact that the marital property was distributed equally.
Accordingly, we remand with instructions to the trial court to: (1) value and distribute the parties’ Ponte Vedra Inn and Club membership and recalculate the former wife’s equitable distribution equalizing payment accordingly; and (2) order the former husband to reimburse the former wife in the amount of $3,000, which represents the amount the former wife should be reimbursed for her nonmarital 2006 Acura being included as a marital asset in equitable distribution. In all other respects, the Supplemental Final Judgment is affirmed. We reverse the Order on Attorney’s Fees awarding the former husband one-half of his attorney’s fees.
AFFIRMED in part; REVERSED in part; and REMANDED.
PALMER, C.J. and ORFINGER, J., concur.

. The former husband cross-appeals, claiming the trial court incorrectly interpreted and applied section 61.075(6), Florida Statutes (2005), in identifying and valuing the marital assets in certain checking accounts, the former wife’s Merrill Lynch CMA accounts, and the Merrill Lynch Beyond Banking account. As to these issues, we affirm without further discussion.